UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNIE LAFLEUR (#600564)                         CIVIL ACTION

VERSUS                                                     15-640-SDD-RLB

CAPTAIN VINCENT KNIGHT, ET AL.

**RULNG**

On January 20, 2016, Plaintiff filed a *Motion for Reconsideration*[1] of the Court's January 15, 2016 *Ruling*[2] dismissing this proceeding without prejudice due to Plaintiff's failure to pay the Court's initial partial filing fee. Although the Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as a motion for "relief from judgment" under Rule 60(b).[3] Because Plaintiff's *Motion for Reconsideration* was filed on January 20, 2016, only five days after entry of the Court's *Ruling* and *Judgment*[4], Plaintiff's *Motion* shall be treated as a motion to alter or amend under Rule 59(e).[5] "A Rule 59(e) motion 'calls into question the correctness of a judgment',"[6] and courts have considerable discretion in deciding

---

[1] Rec. Doc. 7.
[2] Rec. Doc. 5.
[3] *Texas A&M Research Foundation v. MAGNA Transportation, Inc.*, 338 F.3d 394, 400 (5th Cir. 2003).
[4] Rec. Doc. No. 6.
[5] When a *Motion to Reconsider* is filed within twenty-eight days after the entry of the judgment or order at issue, then the motion can be brought under Rule 59(e). A motion filed after that time period falls under Rule 60(b). *Id.*
[6] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

1

whether to grant such a motion.[7]  In exercising its discretion, however, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."[8]  "Because of the interest in finality, motions may only be granted if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously."[9]

In his *Motion*, Plaintiff argues that the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections was never served with a Copy of the Court's October 2, 2015 *Order*[10] regarding payment of the initial partial filing fee, although the Clerk of Court's Office for the United States District Court for the Middle District claimed that such service had been made.[11]  Plaintiff points to an exhibit submitted with his Motion that shows that his counsel of record submitted payment of the initial filing fee of $9.53 to the Clerk of Court's Office on January 19, 2016.  The Court finds that, when it considers the particular facts presented by Plaintiff in his *Motion*, it would be manifestly erroneous to uphold its prior *Ruling* in this instance.  Therefore, in order to render a just decision based on all of the facts in this case, the Court shall grant the Plaintiff's *Motion for Reconsideration*.

---

[7] *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993).
[8] *Id.*
[9] *Robertson-CECO Corp. v. Lab Project Resource Group, Inc.*, 2006 WL 2224759, *1 (E.D.La. Aug. 2, 2006).
[10] Rec. Doc. 3.
[11] In its *Order*, the Court granted the Plaintiff's *Motion to Proceed In Forma Pauperis* and set forth the payment requirements the Plaintiff had to satisfy.  The *Order* also directed the Clerk of Court to "mail, or deliver by electronic means, a copy of this Order … to the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections". After the initial filing fee was not received, the Court entered a separate *Order* on November 24, 2015 to show cause as to why his *Complaint* should not be dismissed for failure to pay the initial filing fee. (Rec. Doc. 4).

Accordingly, the Plaintiff's *Motion for Reconsideration*[12] is hereby GRANTED. It is further ordered that the Court's January 15, 2016 *Ruling*[13] and *Judgment*[14] are hereby VACATED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 4, 2016.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[12] Rec. Doc. 7.
[13] Rec. Doc. 5.
[14] Rec. Doc. 6.