UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNIE LAFLEUR (#600564)      CIVIL ACTION

VERSUS

    NO. 15-640-SDD-RLB

CAPTAIN VINCENT KNIGHT, ET AL

**ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery Responses (R. Doc. 49) filed on July 13, 2016. The Motion is opposed on the grounds that the parties did not engage in a required Rule 37 conference. (R. Doc. 54).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention). The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes.

Plaintiff represents that the discovery at issue was propounded on June 8, 2016. (R. Doc. 49 at 1). On July 11, 2016, Plaintiff requested defense counsel to participate in a Rule 37(a)(1)

conference on July 18, 2016. (R. Doc. 50-2). Inexplicably, Plaintiff filed the instant motion to compel prior to the proposed date to hold a Rule 37(a)(1) conference. Plaintiff counsel's Rule 37(a)(1) certification attached to the motion is facially inadequate as it merely provides that two days prior to filing the instant motion, she "sent an email to Defense counsel reminding them of the outstanding discovery and requesting a Rule 37.1 conference." (R. Doc. 49-3).

In addition, Plaintiff does not attach any copies of the written discovery requests at issue or otherwise, as required by Local Rule 37, "quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed. . . ." Accordingly, the Court has no basis for determining what Plaintiff is seeking to compel.

Counsel is advised that prior to seeking any relief on a discovery issue in this matter, the attorneys are required first to confer in an attempt to resolve such dispute without court intervention. Should the parties be unable to resolve the dispute, any Rule 37 certificate shall specifically set forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 49) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 28, 2016.

							_____
							**RICHARD L. BOURGEOIS, JR.**
							**UNITED STATES MAGISTRATE JUDGE**