# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DANNIE LAFLEUR (#600564)                                      CIVIL ACTION

VERSUS                                                        15-640-SDD-RLB

CAPTAIN VINCENT KNIGHT, ET AL.

## RULING

Before the Court are the following motions: *Motion for a More Definite Statement*,[1] *Motion to Dismiss*,[2] and a *Motion for Partial Summary Judgment*[3] by the Defendants, Vincent Knight, Reginald King, and Audrey Turner ("Defendants").   The motions are opposed by Plaintiff, Dannie Lafleur.[4]  For the reasons which follow, the motions shall be denied.

## I.     RELEVANT FACTUAL ALLEGATIONS AND BACKGROUND

Plaintiff is an inmate incarcerated at the Louisiana State Penitentiary.   Plaintiff claims that, on September 9, 2014, while housed in the Hickory-3 Dormitory, he was escorted out of the dorm and strip searched for contraband in the security booth cell by Defendants Knight and King.[5]  Plaintiff claims that after no contraband was found, he dressed and was then, without provocation, thrown to the wall and repeatedly struck by

---

[1] Rec. Doc. 26
[2] Rec. Doc. 27.
[3] Rec. Doc. 28.
[4] Rec. Docs. 32, 35 & 36.
[5] Rec. Doc. 1, ¶¶ 6-7.
35782

Knight and King with closed fists.[6]   Plaintiff further alleges that Defendant King and Defendant Turner "appeared"[7] with Sergeant Bibbins, who claimed that they had found a cellphone in Plaintiff's pillow case, then King and Turner "rushed in" and began slamming Plaintiff around the security booth and striking him, allegedly in response to Plaintiff having a cellphone.[8]   Plaintiff was then placed in restraints and escorted to the treatment center to treat cuts and bruises.[9]   Plaintiff claims that, as a result of this unprovoked beating, he has suffered injuries to his back, neck, collar bone, right arm and hand.[10]   Plaintiff brings a claim against the Defendants for violation of his civil rights pursuant to 42 U.S.C. § 1983 for the use of excessive force against him.

Defendants now move for a more definite statement, arguing that the allegations against Defendant King are "confusing, inconsistent, and ambiguous" in that Paragraph 8 of the *Complaint* alleges that King and Knight charged Plaintiff into the wall and repeatedly struck him; yet, in Paragraph 9, Plaintiff alleges King and Turner "appeared" with Bibbins, rushed in, and began beating Plaintiff in the security booth.   Defendants contend these allegations place King in two places at one time:  "allegedly abusing the plaintiff in the security booth cell on the Hickory unit and at the same time, walking from the Hickory dormitory to the security booth where he allegedly participated in abusing Mr. Lafleur when he arrived."[11]

---

[6] *Id.* at ¶¶ 7 & 8.
[7] *Id.* at ¶ 9.
[8] *Id.*
[9] *Id.* at ¶¶ 10-11.
[10] *Id.* at ¶ 12.
[11] Rec. Doc. No. 26-1, p. 2.
35782

Plaintiff opposes this motion, claiming it is merely a dilatory tactic by defense counsel.  Plaintiff also contends the allegations in the *Complaint* fully satisfy rule 8 of the Federal Rules of Civil Procedure.

Defendants have also moved to dismiss any claims asserted against the Defendants in their official capacities on the basis of Eleventh Amendment immunity, which bars a state's citizens from filing suit against the state in federal court without a waiver of its immunity.  Plaintiff opposes this motion on the grounds that he has pled only individual capacity claims against the Defendants.

Finally, Defendants have also moved for partial summary judgment on Plaintiff's alleged claims of deliberate indifference and violation of and/or failure to implement policies or procedures.  Defendants contend Plaintiff has failed to exhaust administrative remedies on these claims prior to filing suit as required by 42 U.S.C. § 1997e(a).  Plaintiff opposes this motion, arguing that he has not alleged a separate cause of action for deliberate indifference and failure to implement policies; rather, Plaintiff concedes the only claim asserted is the Eighth Amendment excessive force claim.

## II.    LAW AND ANALYSIS

### A.  More Definite Statement

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[12]   The Rule 12(e) motion for a more definite statement is

---

[12]*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

35782

disfavored.[13]   This type of motion is only granted when the complaint is so vague that the moving party cannot reasonably be expected to frame a responsive answer.[14]   "[A]ll the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[15]   "A motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery."[16]   On the other hand, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[17]

While the Court acknowledges that the timing of the alleged actions taken by Defendant King are less than clear, *i.e.*, King "appearing" with others in the same area that he was just alleged to have beaten the Plaintiff, there is no doubt as to the basis for Plaintiff's claims and the grounds on which the claims rest.   Further, clarity as to the timing of the alleged events can be gained through discovery.   Thus, the Court finds that Plaintiff's *Complaint* satisfies the requirements of Rule 8(a), and the *Motion for More Definite Statement* is DENIED.

---

[13] *Dunn v. Chase Home Finance, LLC*, No. 10-0828, 2011 WL 4383826, at * 1 (M.D. La. Sep. 19, 2011)(citing *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir.1959)).
[14] *Guste v. Shell Oil Company*, 161 F.R.D. 329, 330 (E.D.La.1995) (citing 5A Charles Wright and Arthur Miller, Federal Practice and Procedure § 1377 (1990)).
[15] *Conley v. Gibson*, 355 U.S. 41 (1957).
[16] *Brown v. Maxxam, Inc.*, C.A. No. 90–1468, 1991 WL 13918 (E.D.La. Jan. 28, 1991), *affirmed*, 993 F.2d 1543 (5th Cir.1993) (citing, *Mitchell, supra*); *see also, Wilmington Trust Company v. Stone Lumber Company*, C.A. No. 96–1499 1996 WL 700752 (E.D.La. Dec. 4, 1996) (motion for more definite statement denied where plaintiff may later receive more specific facts through discovery).
[17] *Swierkiewicz,* 534 U.S. at 514.
35782

## B.  Motion to Dismiss – Eleventh Amendment Immunity

To the extent Plaintiff has brought claims against them in their official capacities, Defendants move for dismissal on the basis of Eleventh Amendment sovereign immunity. Because Plaintiff's *Opposition* clarifies that he only brings claims against the Defendants in their individual capacities,[18] the Court will deny the Defendants' *Motion to Dismiss* as moot, as there are no official capacity claims to dismiss.

## C.  Failure to Exhaust Administrative Remedies Under the PLRA

Defendants move for partial summary judgment on Plaintiff's claims of deliberate indifference and failure to implement policies and procedures.  Defendants cite the exhaustion provision of the Prison Litigation Reform Act (PLRA)[19] as support for their motion.[20]

42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff maintains that he has not pled separate claims for deliberate indifference or failure to implement policies and procedures, which he concedes would require exhaustion; rather, he contends that the allegations of deliberate indifference are relevant as a conduct standard and not a separate claim, and any violations of policy are mentioned to demonstrate unreasonableness in the actions allegedly taken.

---

[18] Rec. Doc. No. 32, pp. 1-2 ("Here, the Complaint in this matter makes specific allegations of wrongdoing and in no manner may be said to [sic] raising an official capacity claim.).
[19] 42 U.S.C. § 1997e(a).
[20] Rec. Doc. 64.

35782

Considering Plaintiff's response in opposition that he has only pled a cause of action for excessive force, the Court will deny Defendant's *Motion for Partial Summary Judgment*.

### III.   CONCLUSION

For the reasons set forth above, Defendants' *Motion for a More Definite Statement*,[21] *Motion to Dismiss*,[22] and *Motion for Partial Summary Judgment*[23] are all hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 31, 2016</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] Rec. Doc. 26
[22] Rec. Doc. 27.
[23] Rec. Doc. 28.
35782