UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNIE LAFLEUR (#600564)                                                                              CIVIL ACTION

VERSUS                                                                                   15-640-SDD-RLB

CAPTAIN VINCENT KNIGHT, ET AL.

## **RULNG**

Before the Court is Plaintiff's *Motion in Limine*[1] seeking to exclude testimony and evidence at trial. No Opposition has been filed and the delays for filing same have passed.

Plaintiff moves to exclude the following at the trial of this matter:

1. Evidence of the criminal record or convictions of any inmate witness;
2. Defense Exhibits 7, 8, 9, 10 which are the medical records of the Defendants;
3. LSP Unusual Occurrence Report Exhibit 14;
4. Defense Exhibit 18, a transcript of a September 20, 2014 telephone conversation between LSP Kenny Williams and Danielle Jones;
5. Testimony from any nurse, physician, or other medical staff personnel at the Louisiana State Penitentiary ("LSP") regarding whether the injuries indicate use of excessive force or whether the injuries suggest use of excessive force or speculation regarding the injury causing event;
6. Opinion testimony of Dr. Barkemyer; and
7. To exclude the defense of Qualified Immunity.

---

[1] Rec. Doc. 88.
46761

The Court rules as follows:

**Evidence of the criminal record or convictions of any inmate witness**

No opposition having been filed, the Motion is GRANTED.

**Defense Exhibits 7, 8, 9, 10**

Plaintiff moves to excluded defense Exhibits 7, 8, 9, and 10 which are the medical records of the Defendants. The Defendants, Knight, King, Deaver, and Turner are security officers at LSP. Plaintiff, an inmate at LSP, alleges excessive use of force by the Defendants on September 9, 2014. Defendants have indicated that they intend to offer medical records of treatment for injuries allegedly sustained in an altercation with the Plaintiff on September 9, 2014. Plaintiff moves to exclude the medical records on the grounds that the medical records are uncertified and were not separately listed on the Defendants' Rule 26 disclosure or in response to discovery. The *Motion in Limine* is DENIED. The Defendants intent to offer evidence of injuries sustained in the altercation with the Plaintiff was identified in the Rule 26 disclosure and the medical records were attached to the *Unusual Occurrence Report* produced in discovery. Accordingly, the Plaintiff is not surprised by the evidence. The *Motion in Limine* is DENIED without prejudice to making objections to relevance or other evidentiary objections at the time of trial.

**Defense Exhibit 14**

Defense exhibit 14 is an LSP "Unusual Occurrence Report" for the subject incident. The "Unusual Occurrence Report" is an out-of-court statement and, to the extent it is offered for the truth of the matters asserted therein, it is hearsay under Rule 801(c) of the Federal Rules of Evidence.[2] The Motion is GRANTED, without prejudice to the Defendants' urging an appropriate exception to the rule against hearsay, if any, at the time of trial.

**Defense Exhibit 18**

Defendants seek to offer a transcript of a September 20, 2014 telephone conversation between LSP inmate Kenny Williams and the Plaintiff's mother, Danielle Jones. Again, this is an out-of-court statement and, to the extent it is offered for the truth of the matters asserted therein, it is hearsay under Rule 801(c) of the Federal Rules of Evidence.[3] The Motion is GRANTED, without prejudice to the Defendants' urging an appropriate exception to the rule against hearsay, if any, at the time of trial.

**Testimony regarding whether injuries indicate use of excessive force**

Plaintiff moves to exclude testimony of any health care provider regarding whether the injuries suggest use of excessive force. The Motion is GRANTED, without prejudice to expert opinion properly disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure and subject to the admissibility requirements of Rules 702 – 706 of the Federal Rules of Evidence.

---

[2] *Johnson v. Cain*, 2011 WL 2437608, at *2 (M.D.La. 2011).
[3] *Johnson v. Cain*, 2011 WL 2437608, at *2 (M.D.La. 2011).
46761

### Opinion testimony of Dr. Barkemyer

Plaintiff objects to proposed opinion testimony of Dr. Charles Barkemyer on the grounds that he has not provided a report consistent with Rule 26 of the Federal Rules of Civil Procedure. At the Pretrial Conference, defense counsel advised that an expert report was produced. The objection to the admissibility of opinion testimony by Dr. Charles Barkemyer is reserved to the time of trial.

### The Defense of Qualified Immunity

Plaintiff moves to exclude the defense of qualified immunity arguing that it is "waived where a motion to dismiss or motion for summary judgment was not filed prior to trial."[4] This is not an evidentiary objection and is accordingly DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on July 3, 2018.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] Rec. Doc. 88-4
46761